**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THOMAS JONES and DEBORAH JONES, husband and wife,      ) <br> ) <br> ) <br> Plaintiffs,      ) <br> ) <br> v.      ) <br> ) <br> MUTUAL OF OMAHA INSURANCE      ) <br> COMPANY, and JACK MILLS INSURANCE      ) <br> AGENCY INC.      ) <br> ) <br> Defendants.      ) | Case No. 25-cv-340-DES |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs, Thomas and Deborah Jones',
("Plaintiffs") Motion to Remand Case to the District Court of Bryan County, Oklahoma (Docket
No. 10). On September 24, 2025, Defendant, Mutual of Omaha Insurance Company ("Mutual of
Omaha") filed a Notice of Removal from Bryan County District Court based on 28 U.S.C. § 1332,
diversity jurisdiction. (Docket No. 2). Plaintiffs now seek to have the case remanded to state court
for lack of diversity jurisdiction. For the reasons set forth below, Plaintiffs' Motion to Remand is
GRANTED.

**I.     Background**

Plaintiffs filed this action in the District Court of Bryan County, Oklahoma, on July 1,
2025. (Docket No. 2-2). In their Petition, Plaintiffs assert a claim for breach of contract and bad
faith against Mutual of Omaha for wrongfully denying Plaintiffs' claims under their Critical Illness
Indemnity Insurance Policy ("the Policy"), along with professional negligence against Jack Mills
Insurance Agency, Inc ("Agency") for misrepresentations made to Plaintiffs regarding the nature
and amount of coverage provided by the Policy. *Id.* at 2-3. Mutual of Omaha removed this action

1

based on diversity jurisdiction because Plaintiffs are residents of the State of Oklahoma and it is a foreign insurance company duly organized and existing under the laws of the State of Nebraska, with its principal place of business in Nebraska. (Docket No. 2 at 2). Mutual of Omaha alleged that the Agency is a corporation organized and existing under the laws of the State of Oklahoma with its principal place of business in Oklahoma, but that the Agency's Oklahoma citizenship should be disregarded for the purposes of diversity jurisdiction because Plaintiffs fraudulently joined it to prevent removal of the case to federal court. *Id.* at 2-3. Plaintiffs disagree and now move to remand this case to state court, asserting there is no diversity jurisdiction. (Docket No. 10)

## II.    Analysis

Federal courts are courts of limited jurisdiction, with subject matter jurisdiction only over matters authorized by the U.S. Constitution or by Congress. *See* U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332(a), diversity jurisdiction generally requires complete diversity of parties (where claims are between citizens of different states) and an amount in controversy that "exceeds the sum or value of $75,000, exclusive of interest and costs." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-1095 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see also McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S.

178, 182 (1936). "[A]ll doubts are to be resolved against removal." *Fajen v. Found Reserve Ins. Co.*, 683 F.2d 332, 333 (10th Cir. 1982). "With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support [its] claim with clear and convincing evidence." *Castens v. Conseco Life Ins. Co.*, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (citing *Mitchell v. Ford Motor Co.*, 2005 WL 1567069, at *3 (W.D. Okla. July 5, 2005)).

Mutual of Omaha removed this action to federal court based on diversity jurisdiction. (Docket No. 2.) It is clear from the Petition and the Notice of Removal, however, that the parties are not completely diverse as required by 28 U.S.C. § 1441(b)(2). (See Docket No. 2-2). Mutual of Omaha argues that diversity exists because the Agency is improperly joined because there is no reasonable basis to believe the Plaintiffs might succeed in their claim against them. (Docket No. 2 at 3). A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Miller v. Jackson*, 2016 WL 1464558, at * 1 (E.D. Okla. April 4, 2016) (quoting *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted)). Mutual of Omaha asserts the Agency was fraudulently joined under the second prong. (Docket No. 2 at 4). In *Montano v. Allstate Indemnity*, the court held that the party alleging fraudulent joinder must prove the plaintiff "ha[s] no possibility of recovery" against the nondiverse defendant. 2000 WL 525592, at *4 (10th Cir. Apr. 14, 2000) (emphasis added). The *Montano* court explained that:

> This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent

3

fraudulent joinder, should be left to the state court where the action commenced. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."

*Id.* at *5–6 (citation omitted) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992)). Any uncertainty regarding the viability of the claims asserted against the nondiverse party—including "disputed questions of fact" and "ambiguities in the controlling law"—must be resolved in favor of remand. *Montano*, 2000 WL 525592, at *2 (internal quotation marks omitted); *accord Dutcher*, 733 F.3d at 988 (discussing the removing party's "heavy burden").

When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F. 2d 879, 881-82 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). However, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot*, 378 F.2d at 882; *Miller*, 2016 WL 1464558, at * 1.

Here, Plaintiffs argue they have stated a valid claim for professional negligence against the Agency for negligently inducing Plaintiffs to purchase a policy that failed to provide the protection promised. (Docket No. 10 at 3). Plaintiffs' Petition specifically alleges that the Agency "promoted and sold the Policy to Plaintiffs," but "misrepresented either or both the nature and the amount of coverage provided by the Policy." (Docket No. 2-2 at 3). Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Companies*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). This duty rests, in part, on "specialized knowledge [about] the terms and

4

conditions of insurance policies generally." *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (citing *Swickey*, 979 P.2d at 269). "To discharge their duty to act in good faith and use reasonable care, skill, and diligence in the procurement of insurance, including use of their specialized knowledge about the terms and conditions of insurance policies, insurance agents need only offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Id*.

Under the negligent procurement claim, the Agency could be liable to Plaintiffs for failure to provide "the coverage for needs that are disclosed by the insureds" *Rotan*, 83 P.3d at 895. Here, Plaintiffs allege that the Agency misrepresented the nature and the coverage actually provided under the Policy despite promoting the Policy to the Plaintiffs.  Oklahoma courts have found valid claims for negligent procurement against insurance agents. *See, e.g., Sang v. Smith*, No. 19-CV-00686-GKF-FHM, 2020 WL 6472683, at *4 (N.D. Okla. May 19, 2020) (holding that an agent who "independently established, calculated, and set the replacement cost policy limits" may be held liable for negligent procurement, even when the agent provided a policy); *Johnson v. State Farm Fire & Cas. Co.*, Case No. CIV-14-1101-M, 2015 WL 13573968 (W.D. Okla. Mar. 9, 2015) (finding a valid claim for negligent procurement of replacement cost policy); *Mayer v. Horace Mann Ins. Co.*, No. CIV-14-1381-C, 2015 WL 1650271 (W.D. Okla. Apr. 13, 2015) (accord); *Asbury v. N. Star Mut. Ins. Co.*, No. CIV-14-1331-HE, 2015 WL 588607, at *2 (W.D. Okla. Feb. 11, 2015) (agreeing with plaintiffs that "an agent may be held accountable for failing to answer an insured's coverage questions accurately" and providing inaccurate replacement cost coverage); *Castens v. Conseco Life Ins. Co.*, No. 11-CV-628-TCK-FHM, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012) (finding the Oklahoma Supreme Court had "never pronounced any rule that an

insurance agent's negligence is actionable only if it results in non-procurement of the policy";

rather, the agent must "exercise reasonable skill and care in performing its tasks"); *Maryland Cas.*

*Co. v. Allen Cmty. Pharm.*, No. CIV-14-839-c, 2015 WL 4067862, at *3 (W.D. Okla. July 2, 2015)

(holding *Cosper v. Farmers Ins. Co.*, 309 P.3d 147 (Okla. Civ. App. 2013) did not negate claims

that the agent failed to procure the policy as requested; there is no case law showing that renewal

of policy alone is sufficient to defeat a claim of negligent procurement); *Schlanger Ins. Trust v.*

*John Hancock Life Ins. (U.S.A., Inc.),* Case No. 10-CV-576-TCK-TLW, 897 F. Supp. 2d 1109, at

*8 (N.D. Okla. Sept. 20, 2012) (question of fact existed and plaintiff had a valid cause of action

where it alleged the agent failed to properly advise as to "the overall nature of the policy or how

to maximize its value and duration").

Taking Plaintiffs' well plead allegations as true that the Agency promoted and sold the

subject policy, made representations regarding the scope and adequacy of coverage, and

negligently induced Plaintiffs to purchase a policy that failed to provide the protection promised,

they support Plaintiffs' claim of professional negligence liability.  This is a cognizable claim under

Oklahoma Law and Plaintiffs have sufficiently alleged their claims against the Agency.

Accordingly, Plaintiff's Motion to Remand is GRANTED.

In their Motion for Remand, Plaintiffs request an award for attorney's fees, should the

Court find that Remand is appropriate. (Docket No. 10 at 4). "In deciding whether to award costs

under [28 U.S.C.] § 1447(c), the key factor is the propriety of defendant's removal. The district

court does not have to find that the state court action has been removed in bad faith as a prerequisite

to awarding attorney fees and costs under § 1447(c)." *Martin v. Franklin Capital Corp.*, 393 F.3d

1143, 1146 (10th Cir. 2004), *aff'd*, 546 U.S. 132 (2005) (citations omitted). Under 28 U.S.C.

§ 1447(c), "if a defendant's removal could be fairly supported by the law at the time, even if later

deemed incorrect, a district court's discretionary decision not to award fees is appropriate." *Id.* Given the complex and nuanced nature of the law in the relevant area of an insurance agent's duty to policy holders and whether the insureds are obligated to read the policy, the Court does not find that Mutual of Omaha's arguments as to fraudulent joinder were unfounded. Although the Court finds that Mutual of Omaha has not shown Plaintiffs' claim against the Agency are not possible, it is far from clear whether Plaintiffs' claim against the Agency will survive as a matter of law. Thus, the Court denies Plaintiffs' request for attorney's fees.

## III.    Conclusion

Accordingly, Plaintiffs' Motion to Remand (Docket No. 20) is GRANTED for lack of subject matter jurisdiction as there is no diversity. The case shall be remanded to the District Court of Bryan County, in the State of Oklahoma.

DATED this 28th day of April, 2026.

_____
D. Edward Snow
United States Magistrate Judge